**Linda J. Larkin**, OSB# 792954
E-mail: linda@bennetthartman.com
**Dylan P. Jensen**, OSB# 206465
E-mail: dylan@bennetthartman.com
**BENNETT HARTMAN, LLP**
210 SW Morrison Street, Suite 500
Portland, OR   97204-3149
Telephone:  503-227-4600
Facsimile:  503-248-6800
**Attorney for All Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WESTERN STATES OFFICE AND PROFESSIONAL EMPLOYEES PENSION FUND and BOARD OF TRUSTEES OF WESTERN STATES OFFICE AND PROFESSIONAL EMPLOYEES PENSION FUND,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>COMMUNICATIONS WORKERS OF AMERICA LOCAL 7019,<br><br>　　　　　　Defendant. | Case No.  3:21-cv-634<br><br>**COMPLAINT**<br><br>(ERISA Withdrawal Liability) |

COMPLAINT

1.

Plaintiffs Western States Office and Professional Employees Pension Fund ("the Fund") and the Fund's Board of Trustees ("the Board"), for a cause of action against Defendant Communications Workers of America Local 7019 ("Local 7019"), allege as follows:

JURISDICTION AND VENUE

2.

This is an action for collection of withdrawal liability, interest and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

3.

The Court has jurisdiction of this action under Sections 502(e), 502(f) and 4301(c) of ERISA (Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980), 29 U.S.C. § 1132(e), 1132(f), and 1451(c) and 29 U.S.C. § 185 (Labor-Management Relations Act of 1947, as amended).

4.

The Fund is administered by the Portland, Oregon, office of BeneSys, Inc. ("BeneSys"). Venue is appropriate in this district, pursuant to Sections 502(e)(2) and 515(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because this is the district where the plan is administered and the Trust assets are sited.

/ / /

/ / /

/ / /

## PARTIES

5.

At all times material to this action, Plaintiff the Board of Trustees is comprised of individual trustees who are "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 USC §1002 (21)(A), and are collectively the "plan sponsor" within the meaning of Section 4001 (a)(10)(A) of ERISA, 29 USC § 1301(a)(10)(A).

6.

Plaintiff the Fund is a multiemployer pension plan within the meaning of Sections 3(34) and 4001(a) (3) of ERISA, 29 USC §§ 1002(34) and 1301(a) (3).

7.

Pursuant to Sections 502(1)(3), 4221(b)(1), and 4301(a)(1) of ERISA, 29 USC §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1), Plaintiffs are authorized to bring this action on behalf of the Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

8.

At all times pertinent to this action, Defendant Local 7019 has been a local union affiliated with the Communication Workers of America, an employer within the meaning of 29 USC §152(2) and Section 3(5) of ERISA, 29 USC § 1002(5), and has been engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 USC §§1002(11) and (12).

## CLAIM FOR RELIEF

Plaintiffs incorporate the allegations in all paragraphs above as if fully restated herein.

/ / /

/ / /

9.

During all relevant times, Local 7019 was bound by a collective bargaining agreement which covers employees in an industry affecting commerce within the meaning of 29 U.S.C. § 185, *et seq,* and under which Local 7019 was required to make contributions to the fund on behalf of certain of its employees.

10.

In 2015, Local 7019 ceased to have an obligation to contribute to the Fund on behalf of each employee covered by the CBA, effecting withdrawal.

11.

Pursuant to Section 4202 of ERISA, 29 USC § 1382, the Fund determined the withdrawal liability of Local 7019 and found that Local 7019 made a complete withdrawal from participation in the Fund as defined in Section 4203 of ERISA, 29 USC § 1383.

12.

Pursuant to the provisions of Section 4201(b) of ERISA, 29 USC § 1381(b) the Fund determined the total withdrawal liability of Local 7019 to be $228,059.00.

13.

By letter dated and mailed on or about December 22, 2017, the Fund sent Local 7019 a Notice and Demand for Payment of Withdrawal Liability together with a schedule of timely payments to be made as provided for under Sections 4202(2) and 4219(b)(1) of ERISA, 29 USC §§1382(2) and 1399(b)(1).

14.

After Local 7019 failed to respond and/or pay any portion of its withdrawal liability, the Fund, by and through its attorney, sent a second letter dated June 18, 2020, to Local 7019. In

the letter, the Fund again demanded payment and notified Local 7019 that, pursuant to the Fund's Withdrawal Liability Policy, Local 7019 was in default, and the Fund was immediately accelerating the outstanding withdrawal liability balance. The fund also notified Local 7019 that it was subject to liquidated damages and interest under the Policy.

15.

On August 31, 2020, the Fund's counsel sent Local 7019 a final letter after Local 7019 once again failed to respond and/or pay its withdrawal liability. In the letter, the Fund's counsel informed Local 7019 that it was in default. Counsel demanded immediate payment of the entire assessment of $228,059.00, plus liquidated damages of $17,540.00, and interest in the amount of $3,123.95.

16.

Neither Local 7019 nor any of its controlled group members submitted any payment in response to the Fund's letters.

17.

Neither Local 7019 nor any of its controlled group members requested plan sponsor review of the withdrawal liability assessment within the time period specified in Section 4219(b)(2)(A) of ERISA, 29 USC §1399(b)(2)(A).

18.

Neither Local 7019 nor any of its controlled group members-initiated arbitration of the withdrawal liability assessment within the time period specified in Section 4221(a)(1) of ERISA, 29 USC § 1401(a)(1).

/ / /

/ / /

19.

An arbitration of the amount of withdrawal liability as allowed under 29 USC § 1401 *et seq* is precluded.

20.

Local 7019 has failed to pay its withdrawal liability assessment and is in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1. For payments due to the Fund for withdrawal liability obligations in the sum of $228,059.00;
2. For liquidated damages of $17,540.00;
3. For interest at the rate of twelve percent (12%) per annum from the date payments became due until paid;
4. For Plaintiff's reasonable attorney's fees and court costs incurred herein; and
5. For such other and further relief as this Court may deem proper and just.

DATED this 26th day of April, 2021.

BENNETT HARTMAN, LLP

s/ Linda J. Larkin
Linda J. Larkin, OSB No. 792954
E-Mail: linda@bennetthartman.com
Dylan P. Jensen, OSB# 206465
E-mail: dylan@bennetthartman.com
Telephone: 503-227-4600
Attorney for Plaintiffs